STACY *v.* VAN COREN, SUPT., LONDON CORRECTIONAL INSTITUTION.

(No. 68-589—Decided June 11, 1969.)

*Mr. Edward Ray Stacy, in propria persona.*

*Mr. Paul W. Brown,* attorney general, and *Mr. James S. Rood,* for respondent.

*Per Curiam.* This is an action in habeas corpus originating in this court.

In September 1966, petitioner was indicted for the crime of assault with intent to commit rape. On February 3, 1967, without any further action by the grand jury and

*This decision was made after the death of JUSTICE ZIMMERMAN and before the appointment of a successor.

not by way of information, petitioner, while represented by court-appointed counsel, pleaded guilty to the crime of assault with intent to commit robbery under Section 2901.-24, Revised Code, the pertinent part of which reads as follows:

"No person shall assault another with intent to kill, or to commit robbery or rape upon the person so assaulted."

Thus, the question before the court is whether habeas corpus lies where one is indicted for one crime and, without further action by indictment or information, pleads guilty to a different crime.

The facts in the present case show that petitioner was properly before the court as the result of the return of a valid indictment charging him with a felony, the basis of which crime was assault. Thus, the court had jurisdiction over both the person of the petitioner and the subject matter of the crime. Under such circumstances the petitioner, while represented by counsel, entered a plea of guilty to a crime created by the same section of the Revised Code as the one for which he had been originally indicted, and which also had assault as the principal element therein.

The proper procedure in this case would have been either the return of another indictment or for the petitioner to formally waive prosecution by indictment and agree to a prosecution by information. However, the fact that he did not do so but proceeded to plead to a different offense does not void his conviction. The petitioner's actions under the circumstances of this case, in voluntarily entering a plea of guilty while represented by counsel, constituted a waiver of his constitutional right to indictment or information. Although such procedure may be erroneous it does not affect the validity of his conviction. See *Midling* v. *Perrini* (1968), 14 Ohio St. 2d 106 (syllabus: "Where a defendant, while represented by counsel, pleads guilty to an offense and is sentenced, the judgment of conviction cannot be collaterally attacked on the ground that the indictment fails to state one or more essential elements of the offense. * * *").

The fact that the return of an indictment to charge one with a crime is a constitutional right does not prevent its waiver. Constitutional rights, as any other rights, may be waived. As was said in *Yakus* v. *United States*, 321 U. S. 414, at 444:

"No procedural principle is more familiar to this court than that a constitutional right may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it. * * *"

Thus, it has been held that an accused may waive the right to an indictment (*Ex parte Stephens,* 171 Ohio St. 323; *Smith* v. *United States,* 360 U. S. 1); right to counsel (*Johnson* v. *Zerbst,* 304 U. S. 458); right to public trial (*Singer* v. *United States,* 380 U. S. 24, 35); right to trial by jury (*Patton* v. *United States,* 281 U. S. 276, 290); and right to confrontation of witnesses (*Brookhart* v. *Janis,* 384 U. S. 1).

It is, of course, well established that a waiver can be accomplished by acts or conduct as well as words. 16 American Jurisprudence 2d 328, Constitutional Law, Section 131. The petitioner's conduct in the instant case by pleading guilty while represented by counsel constituted a waiver.

The petitioner in the instant case is in no position to urge such issue as error inasmuch as he voluntarily joined in the procedure. In other words, if error exists he induced or invited it by his own conduct, and under such circumstances he cannot rely upon it to attack his conviction. *Mercelis* v. *Wilson,* 235 U. S. 579; *State* v. *Glaros,* 170 Ohio St. 471; *Weaver* v. *Sacks,* 173 Ohio St. 415; and 5 Corpus Juris Secundum 857, Appeal and Error, Section 1501.

*Petitioner remanded to custody.*

TAFT, C. J., MATTHIAS, SCHNEIDER and HERBERT, JJ., concur.*

DUNCAN, J., dissents.

---

*This decision was made after the death of JUSTICE ZIMMERMAN and before the appointment of a successor.