DECISION AND JUDGMENT ENTRY
This is a consolidated appeal from judgment entries of the Lucas County Court of Common Pleas in two separate cases in which the court accepted guilty pleas entered by appellant, Robert Lickert, found him guilty of gross sexual imposition, a violation of R.C. 2907.05(A)(4), illegal use of a minor in nudity oriented material or performance, a violation of R.C. 2907.323(A)(1) and (B) and of failure to notify the appropriate sheriff of a change of address, a violation of R.C.2905.05(E)(1), and sentenced him for his crimes. Appellant has presented three assignments of error for our consideration which are:
 "I. DEFENDANT'S CONVICTION FOR FAILING TO REGISTER VIOLATED R.C. SECTION 2950.04
 "II. THE TRIAL COURT ERRED BY SENTENCING DEFENDANT TO THE MAXIMUM POSSIBLE ON EACH COUNT
 "III. THE SEXUAL PREDATOR STATUTE VIOLATED DEFENDANT'S CONSTITUTIONAL RIGHTS SET FORTH IN SECTION 1, ARTICLE I
OF THE OHIO CONSTITUTION"
In support of his first assignment of error, appellant appears to be arguing that appellee, the state of Ohio, could not prove beyond a reasonable doubt, all the required elements for the charge against him for failing to notify the appropriate sheriff of his change of address, in violation of R.C. 2950.05(E)(1). The essence of his argument appears to be that his previous convictions in Ohio for sexual offenses were too old to trigger the sexual offender requirements of Ohio law, and that his more recent conviction in the state of California for a sexual offense did not carry with it the requirement that he register as a sexual offender in any state other than California.
Appellee responds that the charge filed against appellant for a violation of R.C. 2950.04 were not dependent in any way on appellant's conviction for a sexual offense in the state of California. Appellee says that because appellant was previously convicted three separate times for sexual offenses in Ohio, he was a habitual offender and was subject to registration requirements under the old version of R.C. Chapter 2950 that was in effect prior to July 1, 1997. Appellee says that current registration requirements found in R.C. 2950.03(A)(3) clearly included appellant in the group of persons required to register with a local sheriff and to give seven days prior notification before moving. Appellee says the facts in the record show that it could meet its burden of proof on the charge of failing to notify the appropriate sheriff of a change of address.
We begin by noting that appellant's guilty plea was a complete admission of his guilt to the charge against him, Crim.R. 11(B)(1), and that when he entered his guilty plea he waived his right to make the state prove his guilt beyond a reasonable doubt, Crim.R. 11(C)(2)(c). Accordingly, appellant waived his right to appeal any error in the indictment against him for the charge of failing to notify the appropriate sheriff of his change of address when he entered his guilty plea. See, State v. Kelley (1991),57 Ohio St.3d 127; Stacy v. Van Coren (1969), 18 Ohio St.2d 188,189-190.
We further note that there is support in the record for appellee's argument that there was no error in the indictment against appellant for failing to notify the appropriate sheriff of a change in his address.
R.C. 2950.04 provides, in pertinent part:
 "(A) Each offender who is convicted of or pleads guilty to, or has been convicted of or pleaded guilty to, a sexually oriented offense and who is described in division (A)(1), (2), or (3) of this section shall register with the sheriff of the following applicable described county and at the following time:
"* * *
 "(3) If the sexually oriented offense was committed prior to July 1, 1997, if neither division (A)(1) nor division (A)(2) of this section applies, and if, immediately prior to July 1, 1997, the offender was a habitual sex offender who was required to register under Chapter 2950. of the Revised Code, within seven days of the offender's coming into any county in which the offender resides or temporarily is domiciled for more than seven days, the offender shall register with the sheriff of that county." R.C. 2950.04(A)(3).
The transcript in this case and the exhibits attached to it (including the presentence investigation report) show that appellant had previous convictions for sexually oriented offenses in the state of Ohio that resulted in him being required to register as a habitual offender for ten years, starting in 1989. Therefore, under the provisions of R.C. 2950.04 quoted above, appellant had an obligation to register in March 1999, which he failed to meet. See State v. Bellman (1999), 86 Ohio St.3d 208,209, paragraph two of the syllabus. The trial court specifically referred to this information when it was following Crim.R. 11 procedures for accepting a guilty plea in this case.
We therefore conclude that there were no errors in the indictment against appellant for this charge, and even if there was an error, appellant waived the error when he entered a plea of guilty. Appellant's first assignment of error is not well-taken and is denied.
In support of his second assignment of error, appellant argues that he should not have been ordered to serve the maximum time allowable for each of his crimes and that the court's order that he serve his sentences consecutively "was not warranted pursuant to the factors set forth in R.C. Section 2929.14 when considering sentences for Felony 5 matters." He argues he did not commit the worst form of failing to notify the appropriate sheriff of his change of address because he "was in the process of moving and transportation was difficult for him" and he was only "several days late in checking in with the Sheriff's office". He also argues that he should not have been ordered to serve his sentences consecutively because he "had not had direct involvement with the criminal justice system for approximately ten years." He says he should have received a sentence "fashioned to address [his] psychological needs" since that would be more beneficial for him and for society as a whole.
Appellee responds that the trial court was meticulous in its discussion of the sentencing guidelines at appellant's sentencing. Appellee says that the trial court's decision to sentence appellant to the maximum prison time allowable for his crimes and to order that he serve his sentences consecutively was not excessive and should be upheld on appeal.
Under Ohio law, the trial court had discretion to impose a sentence longer than the minimum if it decided that the factors listed in R.C. 2929.14(B) and R.C. 2929.12 were present in this case. This court will not reverse the trial court's order unless the trial court abused its discretion. An abuse of discretion "connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151, 157.
A review of the transcript from the sentencing hearing confirms appellee's assertion that the trial court meticulously considered the appropriate sentencing factors and explained its reasons for imposing the maximum sentences for appellant's crimes and for ordering that the sentences be served consecutively. The trial court carefully explained the long history of criminal sexual behavior of appellant and how he continued his behavior even after his convictions. The court noted that appellant sought employment that would put him in contact with children, that he acted in concert with other pedophiles to victimize children, and that the reporting requirement appellant did not comply with served a twofold purpose: 1) to remind appellant that he is potentially a dangerous offender to younger children; and 2) to alert the community through law enforcement officials that they need to guard their children from appellant. The court said when all this information was considered, it was clear appellant committed the worst form of the offense and posed the greatest likelihood of recidivism. We cannot find that the trial court abused its discretion when it reached its conclusions in this case.[1]
We now consider appellant's assertion that the trial court's order that he serve his sentences consecutively resulted in an excessive length of time for him to serve in prison. The trial court explained:
 "We find as to the offense of gross sexual imposition and the offense of the illegal use of the minor that pursuant to 2929.14 that these two sentences shall be served consecutive, one to another, being necessary to fulfill the purposes under 2929.11 and not disproportionate to the seriousness of the offender's conduct or the danger the offender poses. And the Court further finds that the harm caused was great and unusual, and also the defendant's prior criminal history requires consecutive sentences.
 "As to the felony of the fifth degree in Case No. 99-1653, we further find that this sentence shall be ordered served consecutively with the sentences imposed consecutively served in 99-1565, based upon the fact that the defender — excuse me, the offender under 2929.14, the consecutive sentences are one to another being necessary to fulfill the purposes of 2929.11 and not disproportionate to the seriousness of the offender's conduct or the danger the offender poses. And the Court further finds that the defendant has caused great harm and it is unusual and the defendant also must receive the consecutive sentence based upon the criminal history of the defendant."
Before making the above statements, the trial court explained appellant's repeated history of victimizing small children. The court noted that appellant's behavior in this case was especially egregious, because his victim was the young daughter of a couple who allowed him to live in their home. The court also noted an apparent escalation in appellant's actions as evidenced by his plan to share pictures he took of the victim in this case with other pedophiles via the Internet. Finally, the court noted that the clinical psychologist who performed an assessment of appellant at the Court Diagnostic Treatment Center said in his report that appellant is "one of the highest risk offenders that I have ever evaluated." The court said appellant had a long history of sexually abusing children, did not seem to appreciate the seriousness of his crimes, was not able to control his behavior and that he posed a serious risk of repeating his crimes with new victims.
Based upon the facts in this case, we cannot find that the trial court abused its discretion when it ordered appellant to serve his sentences consecutively. See R.C. 2929.14 (E)(4). Appellant's second assignment of error is not well-taken.
In support of his third assignment of error, appellant argues that the sexual predator statute, R.C. 2950.11(B) is unconstitutional. He cites to an unreported decision from another district in which the court ruled that the reporting requirements found in R.C. 2950.11(B) violate a defendant's right to privacy and property, State v. Williams (Jan. 29, 1999), Lake App. No. L-97-191, unreported, as authority in support of his argument.
Appellee responds that appellant did not argue in the trial court that the sexual predator statute is unconstitutional; therefore, appellant has waived the argument for appeal. In addition, appellee argues that the case cited by appellant is a minority view in Ohio and should not be followed by this court.
This court recently considered another case with similar facts. State v. Fenwick (Mar. 31, 2000), Erie App. No. E-98-031, unreported. In that case we said:
 "It is well-established that the `failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal.' State v. Awan (1986), 22 Ohio St.3d 120, syllabus. Appellant never raised the issue of the constitutionality of R.C. Chapter 2950 during the trial court proceedings or before or during the hearing on whether appellant was a sexual predator. Accordingly, he has waived the right to now challenge the statute before this court." Id.
In addition, even if appellant did preserve the issue for appeal, we note that the Supreme Court of Ohio has since reversed the unreported case relied upon by appellant and has ruled that the sexual predator statute is constitutional. State v. Williams
(2000), 88 Ohio St.3d ___, 2000 Ohio LEXIS 813. Appellant's third assignment of error is not well-taken.
After carefully considering the arguments presented and reviewing the record on appeal, this court affirms the judgments of the Lucas County Court of Common Pleas that were challenged in this consolidated appeal. Appellant is ordered to pay the court costs of this consolidated appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ PETER M. HANDWORK, J.
MELVIN L. RESNICK, J., MARK L. PIETRYKOWSKI, J., CONCUR.
[1] We note appellant has not challenged the trial court's orders that he serve the maximum sentences for his remaining two crimes, so we will not further discuss the trial court's bases for its orders relating to those two crimes.