DECISION
{¶ 1} Thomas W. Wooden, defendant-appellant, appeals the March 26, 2002 judgment of the Franklin County Court of Common Pleas, wherein the court denied appellant's motion for relief from judgment.
 {¶ 2} On February 16, 1999, appellant was indicted on two counts of rape, which are violations of R.C. 2907.02 and felonies of the first degree. The first count alleged that he engaged in vaginal intercourse with an eight-year-old girl between May 1 and September 1, 1993. The second count alleged that he engaged in vaginal intercourse with a six-year-old girl during the same period.
 {¶ 3} On April 7, 2000, appellant pled guilty to two counts of corruption of a minor, which are violations of R.C. 2907.04 and third-degree felonies. On June 29, 2000, the trial court sentenced appellant to two years incarceration on each count, to be served consecutively. On September 1, 2000, appellant filed a motion for shock probation, which was denied on September 22, 2000. On December 4, 2001, appellant filed a motion to withdraw his guilty pleas, alleging, among other things, that his plea was not voluntary, knowing, and intelligent, that his constitutional rights were violated, that his counsel was ineffective, and that the trial court had no jurisdiction to accept his guilty plea. On January 23, 2002, appellant filed a motion for dismissal. The trial court denied the motions on February 11, 2002.
 {¶ 4} On March 12, 2002, appellant filed a motion for leave to file a delayed appeal of his conviction, which this court denied on May 21, 2002. On March 18, 2002, appellant filed a "motion for relief of judgment" relating to the June 29, 2000 judgment, alleging that the trial court lacked subject matter jurisdiction and that the charges, pleas, conviction, and sentence were void and in contravention of his constitutional rights. The trial court denied the motion on March 26, 2002, stating that appellant had asserted substantially similar claims in his December 4, 2001 motion to withdraw his guilty pleas, which the court had already found without merit. Appellant appeals the trial court's judgment, asserting the following two assignments of error:
 {¶ 5} "[I.] Trial court erred as a matter of law, and abused its sound discretion; by failing to address and determine [jurisdiction of the subject matter][.]
 {¶ 6} "[II.] Trial court erred as a matter of law, and abused its sound discretion; by accepting defendant's pleas and overruling his motion for relief of judgment without making a factual determination of the merits regarding the [charges, plea and conviction][.]"
 {¶ 7} Appellant's assignments of error will be addressed together, as they are related. Appellant essentially argues in both assignments of error the trial court erred in denying his "motion for relief from judgment." In order to review the denial of this motion and know the criteria by which we should judge it, we must categorize the motion. That appellant acted pro se with regard to this motion in the trial court and also on appeal makes our own inquiry into the true nature of the motion even more difficult. Appellant indicated in his "motion for relief from judgment" that it was pursuant to Civ.R 60(B), Crim.R. 12(B)(2), and Crim.R. 57(B). We will first analyze his motion under these rules.
 {¶ 8} Appellant does not specifically explain, but we assume he cited Crim.R. 57(B) in an attempt to utilize Civ.R. 60(B). Crim.R. 57(B) permits a court to look to the rules of civil procedure if no applicable rule of criminal procedure exists. Although Civ.R. 60(B) is a civil rule, on occasion courts, including this court, have entertained Civ.R. 60(B) motions in criminal cases. See State v. Israfil (Nov. 15, 1996), Montgomery App. No. 15572; State v. Garcia (Aug. 24, 1995), Franklin App. No. 94APA11-1646; State v. Riggs (Oct. 4, 1993), Meigs App. No. 503; State v. Wells (Mar. 30, 1993), Franklin App. No. 92AP-1462; and State v. Groves (Dec. 23, 1991), Warren App. No. CA91-02-014.
 {¶ 9} Appellant is not entitled to relief under Civ.R. 60(B) for several reasons. Initially, we note that appellant does not indicate under which subsection he seeks Civ.R. 60(B) relief. Nevertheless, the basis of appellant's motion for relief from judgment was that his constitutional rights were violated because the indictment was insufficient to state an offense under R.C. 2907.04, thereby divesting the trial court of subject matter jurisdiction and rendering his guilty plea unknowing, unintelligent, and involuntary. However, when alleging a defect as to the sufficiency of an indictment, a defendant must raise the issue on direct appeal. State ex rel. Hadlock v. McMackin (1991),61 Ohio St.3d 433, 434. A Civ.R. 60(B) motion for relief from judgment cannot be used as a substitute for a timely appeal. State ex rel. McCoy v. Coyle (1997), 80 Ohio St.3d 1430; State ex rel. Durkin v. Ungaro (1988), 39 Ohio St.3d 191, 192. In this case, appellant's claims could have been raised in a timely appeal from the original judgment of the trial court. He may not raise them belatedly by a Civ.R. 60(B) motion as a substitute for his failure to appeal the original judgment. See State v. Roberson (Aug. 27, 1997), Summit App. No. 18224 (denying Civ.R. 60[B] motion because defendant waived argument regarding sufficiency of the complaint by failing to directly appeal the issue); State v. Ross (Nov. 27, 1996), Lorain App. No. 96CA006400 (denying Civ.R. 60[B] motion based upon sufficiency of the indictment because defendant failed to raise issue in direct appeal); State v. Munici (Aug. 22, 1996), Cuyahoga App. No. 70405 (denying Civ.R. 60[B] on same grounds). Further, a Civ.R. 60(B) motion to vacate is not the proper form in which to assert lack of subject matter jurisdiction as the result of a defective indictment, but the argument should be advanced pursuant to a petition for post-conviction relief under R.C. 2953.21. State v. Malone (Jan. 30, 1997), Cuyahoga App. No. 71094. Thus, appellant is not entitled to relief pursuant to Crim.R. 57(B) and Civ.R. 60(B).
 {¶ 10} With regard to appellant's reliance upon Crim.R. 12(B)(2), we assume appellant meant Crim.R. 12(C)(2). Effective July 1, 2001, Crim.R. 12(B) was redesignated as Crim.R. 12(C). The rule remains otherwise identical. Appellant apparently cites this rule based upon the same allegation that the indictment was insufficient to state an offense under R.C. 2907.04. However, Crim.R. 12(C)(2) requires objections based on defects in the indictment to be raised prior to trial. Therefore, any argument pursuant to Crim.R. 12(C)(2) in this respect is waived. State v. Mason (Apr. 11, 2002), Franklin App. No. 01AP-953. Thus, even if we were to construe appellant's motion as a "motion for relief of judgment" pursuant to Crim.R. 57(B), Civ.R. 60(B), or Crim.R. 12(C)(2), he would not be entitled to relief.
 {¶ 11} However, even assuming appellant did not waive his argument, it would be without merit. The gist of appellant's "motion for relief of judgment" is that his guilty plea was void and violated his constitutional rights because the crimes to which he pled guilty, corruption of a minor under R.C. 2907.04, are not lesser-included offenses of the crimes for which he was indicted, rape under R.C. 2907.02. Although this court has previously stated that corruption of a minor is not a lesser included offense of rape, State v. Strong (Sept. 7, 1993), Franklin App. No. 93AP-99, we find that Stacy v. Van Coren (1969),18 Ohio St.2d 188, is dispositive of appellant's argument. In Stacy, the Grand Jury indicted the defendant on assault with intent to commit rape. Thereafter, while represented by counsel, the defendant pled guilty to assault with intent to commit robbery. In a habeas corpus action, the defendant argued that he could not be indicted for one crime and, without further action by indictment or information, plead guilty to a different crime. The Ohio Supreme Court in Stacy held:
 {¶ 12} "* * * [T]he fact that [appellant] proceeded to plead to a different offense [than the one contained in the indictment] does not void his conviction. The petitioner's actions under the circumstances of this case, in voluntarily entering a plea of guilty while represented by counsel, constituted a waiver of his constitutional right to indictment or information. Although such procedure may be erroneous it does not affect the validity of his conviction. * * *" Id. at 189.
 {¶ 13} The court in Stacy continued:
 {¶ 14} "The petitioner in the instant case is in no position to urge such issue as error inasmuch as he voluntarily joined in the procedure. In other words, if error exists he induced or invited it by his own conduct, and under such circumstances he cannot rely upon it to attack his conviction. Mercelis v. Wilson, 235 U.S. 579; State v. Glaros, 170 Ohio St. 471; Weaver v. Sacks, 173 Ohio St. 415; and 5 Corpus Juris Secundum 857, Appeal and Error, Section 1501." Id. at 190.
 {¶ 15} In the present case, appellant's actions in voluntarily entering a plea of guilty to two counts of corruption of a minor while represented by counsel, constituted a wavier of his constitutional right to indictment. Appellant joined in negotiating a reduction of the first-degree felony rape counts to third-degree felony counts of corruption of a minor. This was a favorable outcome for appellant, and the waiver principle set forth in Stacy applies to preclude appellant from challenging the indictment. See, also, State v. Keaton (Jan. 14, 2000), Clark App. No. 98 CA 99; State v. Cowen (Feb. 26, 1981), Franklin App. No. 80AP-851.
 {¶ 16} Although the above findings are sufficient, in and of themselves, to affirm the trial court's judgment, we feel it necessary to address another matter. The trial court did not dismiss appellant's motion based upon the merits or any of the above-cited rules. Rather, the trial court denied appellant's "motion for relief of judgment" based upon res judicata, indicating that appellant had previously raised the same issues in his December 4, 2001 motion to withdraw his guilty pleas. The state concurs that appellant's motion should be dismissed based upon res judicata. The state asserts that appellant's December 4, 2001 motion to withdraw his guilty pleas and his "motion for relief of judgment" were both petitions for post-conviction relief pursuant to State v. Reynolds (1997), 79 Ohio St.3d 158, 160, and, thus, the trial court had no jurisdiction to entertain the later "motion for relief of judgment" because it was a successive post-conviction motion prohibited by res judicata. The trial court did not explain in its judgment whether it based its determination upon the same reasoning set forth by the state. However, in light of a recent Ohio Supreme Court case, this analysis would be untenable.
 {¶ 17} To analyze the application of res judicata under the theory propounded by the state, it is necessary to categorize both appellant's December 4, 2001 motion to withdraw his guilty pleas and his "motion for relief of judgment" and analyze their interplay. In determining the precise nature of the motions, neither the trial court nor the parties had the benefit of the Ohio Supreme Court's recent decision in State v. Bush (2002), 96 Ohio St.3d 235. In Bush, the Supreme Court found that numerous appellate districts had improperly relied on Reynolds, supra, in finding that a post-sentence Crim.R. 32.1 motion to withdraw a guilty plea is a petition for post-conviction relief. Specifically, the trial court held that "R.C. 2953.21 and 2953.23 do not govern a Crim.R. 32.1 postsentence motion to withdraw a guilty plea." Id. at syllabus. Thus, it is clear that, under Bush, appellant's December 4, 2001 motion to withdraw his guilty pleas pursuant to Crim.R. 32.1 was not a petition for post-conviction relief.
 {¶ 18} However, how to categorize appellant's March 18, 2002 "motion for relief of judgment" is less obvious. Appellant's motion alleged, in essence, that: (1) his guilty pleas were void and not knowing or voluntary because the indictments were insufficient to state an offense under R.C. 2907.04; (2) his guilty pleas were received in contravention of his constitutional rights; and (3) his guilty pleas and the resulting judgment should be vacated. In light of the recent decision in Bush, the March 18, 2002 "motion for relief of judgment" was more in the nature of a Crim.R. 32.1 motion to withdraw a guilty plea, rather than a Civ.R. 60(B) motion. See id. at ¶ 10 and ¶ 14. Substantively, appellant was seeking to withdraw his guilty plea. At least one decision filed after Bush has found that a vaguely worded motion filed under such circumstances must be construed as a Crim.R. 32.1 motion to withdraw guilty plea. See id.; State v. Gomez, Lorain App. No. 02CA008036, 2002-Ohio-5255, at ¶ 8 (construing "motion to vacate conviction" as a motion to withdraw guilty plea pursuant to Bush, because the motion was substantively seeking to vacate a conviction and claimed violation of a defendant's constitutional rights). Thus, appellant's "motion for relief of judgment" was akin to a motion to withdraw a guilty plea. As a motion to withdraw his guilty plea, the motion would not constitute a petition for post-conviction relief under Bush.
 {¶ 19} If neither appellant's December 4, 2001 motion to withdraw his guilty pleas nor his March 18, 2002 "motion for relief from judgment" are petitions for post-conviction relief, they would not be subject to the rule urged by the state that prohibits successive petitions for post-conviction relief on the grounds of res judicata. See State v. Apanovitch (1995), 107 Ohio App.3d 82. Nevertheless, assuming that appellant's March 18, 2002 motion was a successive motion to withdraw his guilty pleas, we would still affirm the trial court's judgment on the basis of res judicata. Under the doctrine of res judicata, a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action. See Grava v. Parkman Twp. (1995),73 Ohio St.3d 379.
 {¶ 20} Appellant's March 18, 2002 motion was based on the exact same grounds and facts as his December 4, 2001 motion to withdraw his guilty pleas. Because the trial court's denial of appellant's first motion to withdraw his guilty pleas was an adjudication on the merits of his claims and was based on the same facts and sought the same relief as the second motion to withdraw his guilty pleas, the trial court's denial of his first motion operated under res judicata to bar the successive motion. Several pre-Bush decisions found that, even if a motion to withdraw a guilty plea is not considered a petition for post-conviction relief, as the Supreme Court eventually settled in Bush, res judicata would still preclude a successive motion to withdraw guilty pleas based upon the same grounds. See State v. Reynolds, Putnam App. No. 12-01-11, 2002-Ohio-2823 (majority and dissent both finding that Crim.R. 32.1 motions should not be treated as petitions for post-conviction relief, and agreeing that the doctrine of res judicata would clearly apply to successive motions under Crim.R. 32.1 where there had been a final adjudication upon a previous motion to withdraw a guilty plea); State v. Unger (May 23, 2001), Adams App. No. 00CA705 (assuming arguendo that the defendant's motion should have been categorized as a Crim.R. 32.1 motion, her motion would be barred by res judicata because she had previously filed a motion to withdraw her guilty plea that she did not appeal prior to filing the second motion to withdraw guilty plea, citing State v. Cale [Mar. 23, 2001], Lake App. No. 2000-L-034); (finding that Crim.R. 32.1 motions should not be treated as petitions for post-conviction relief, but holding that, nevertheless, a second motion to withdraw a guilty plea is barred by res judicata); State v. Jackson (Mar. 31, 2000), Trumbull App. No. 98-T-0182 (res judicata applies to successive motions to withdraw a guilty plea filed pursuant to Crim.R. 32.1). Thus, we find that, assuming appellant's "motion for relief of judgment" could be construed as a successive motion to withdraw his guilty pleas, appellant's March 18, 2002 motion would also be barred by res judicata. For the foregoing reasons, the trial court properly denied appellant's March 18, 2002 motion. Therefore, appellant's first and second assignments of error are overruled.
 {¶ 21} Accordingly, we overrule appellant's two assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
LAZARUS and PETREE, JJ., concur.