OPINION
{¶ 1} Defendant-appellant, Ever Vasquez, aka Hever Vasquez,[1] appeals from a judgment of the Franklin County Court of Common Pleas that, among other things, denied defendant's motion to withdraw a guilty plea prior to sentencing. For the following reasons, we affirm the judgment of the common pleas court.
 {¶ 2} By indictment, defendant was charged with five counts of gross sexual imposition. Defendant later entered an Alford
plea[2] to an amended count one of the indictment, namely, endangering children, a violation of R.C. 2919.22 and a felony of the third degree.[3] The common pleas court held a hearing and advised defendant of his rights under Crim.R. 11. The common pleas court thereafter found defendant guilty of one count of endangering children, and the court ordered a presentence investigation. Upon recommendation of the prosecuting attorney and for good cause shown, the common pleas court entered a nolle prosequi as to the remaining counts of the indictment. The prosecuting attorney and defendant's counsel made no recommendation as to a possible sentence.
 {¶ 3} Prior to sentencing, defendant moved to withdraw his guilty plea. After conducting an evidentiary hearing, the common pleas court denied defendant's request to withdraw his guilty plea. The common pleas court then imposed a two-year prison sentence, and at a supplemental hearing the common pleas court notified defendant of a three-year period of post-release control. The common pleas court also denied defendant's request to stay execution of his sentence while defendant appealed from his conviction.
 {¶ 4} From the common pleas court's judgment, defendant now appeals. Defendant assigns a single error for our consideration:
The trial court erred in denying Appellant's motion to withdraw guilty plea made prior to sentencing thereby depriving him of due process of law as guaranteed by the Fourteenth Amendment of the United States Constitution and comparable provisions of the Ohio Constitution.
 {¶ 5} "A defendant does not have an absolute right to withdraw a guilty plea prior to sentencing." State v. Xie
(1992), 62 Ohio St.3d 521, paragraph one of the syllabus. Rather, "[a] trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." Id. Cf. State v. Ingram (Mar. 5, 2002), Franklin App. No. 01AP-854, motion for delayed appeal denied,96 Ohio St.3d 1454, 2002-Ohio-3819 (observing that a trial court's failure to strictly comply with Crim.R. 11[C] regarding critical constitutional rights is prejudicial error).
 {¶ 6} Crim.R. 32.1 "gives no guidelines for a trial court to use when ruling on a presentence motion to withdraw a guilty plea." Xie, at 526. See, generally, Crim.R. 32.1 (withdrawal of guilty plea). Whether to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court. Xie, at paragraph two of the syllabus. Therefore, absent an abuse of discretion by a trial court, a trial court's decision regarding whether to grant or deny a presentence motion to withdraw a guilty plea must be affirmed. Xie, at 527. For an abuse of discretion to lie, a reviewing court must find that a trial court's ruling was "`unreasonable, arbitrary or unconscionable.'" Id., quoting State v. Adams (1980),62 Ohio St.2d 151, 157. See, also, State v. Tyler, Franklin App. No. 01AP-1055, at ¶ 25 (Bowman, J., dissenting), appeal not allowed,97 Ohio St.3d 1485, 2002-Ohio-6866 (observing that an abuse of discretion "is not merely poor judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency").
 {¶ 7} "What constitutes an abuse of discretion with respect to denying a motion to withdraw a guilty plea necessarily is variable with the facts and circumstances involved." State v.Walton (1981), 2 Ohio App.3d 117, 119. In State v. Boyd (Oct. 22, 1998), Franklin App. No. 97APA12-1640, dismissed, appeal not allowed (1999), 85 Ohio St.3d 1424, construing State v. Fish
(1995), 104 Ohio App.3d 236, 240, dismissed, appeal not allowed,74 Ohio St.3d 1443, this court outlined a non-exhaustive list of factors that a trial court may consider when determining whether to grant or deny a motion to withdraw a guilty plea prior to sentencing. According to Boyd, a trial court may consider:
* * * 1) whether the accused was represented by highly competent counsel; 2) whether the accused was given a full Crim.R. 11 hearing before entering the plea; 3) whether a full hearing was held on the motion; 4) whether full and fair consideration was given the motion by the trial court; 5) whether the motion was made within a reasonable time; 6) whether the motion set forth specific reasons for withdrawal; 7) whether the accused understood the nature of the charges and possible penalties; and 8) whether the accused might have a complete defense to the charge or charges. * * *
 {¶ 8} Finding that federal law was apposite and citingUnited States v. Spencer (C.A.6, 1987), 836 F.2d 236, theBoyd court further remarked that a trial court may consider these additional factors when determining whether to grant or deny a presentence motion to withdraw a guilty plea:
* * * 1) the length of time between the entry of the guilty plea and the filing of the motion to withdraw; 2) why the grounds for withdrawal were not presented to the court at an earlier point in the proceedings; 3) whether the defendant has asserted and maintained his innocence, the circumstances underlying the entry of the guilty plea; 4) the nature and background of the defendant; 5) whether the defendant has admitted guilt; and 6) whether the prosecution will be prejudiced as a result of plea withdrawal.
 {¶ 9} Here, in his motion to withdraw his guilty plea, defendant asserted that at the time that he entered his Alford
plea, he was under the misapprehension that he was a United States citizen. After entering his guilty plea, defendant discovered his error. Claiming that he could be subjected to various immigration sanctions, including deportation, as a possible consequence of his guilty plea, and arguing that withdrawal of his guilty plea would be fair and just, especially given his misapprehension at the time of the plea hearing, defendant contended he should be entitled to withdraw his guilty plea.
 {¶ 10} Denying defendant's motion, the common pleas court observed, among other things, that: (1) defendant, who emigrated from El Salvador to the United States when he was approximately 13 years-old,[4] had previously informed the court that he was able to read English "pretty good"; (2) in executing a written plea of guilty and during the plea colloquy, defendant acknowledged that he was a citizen of the United States; (3) during the plea colloquy, after confirming defendant's immigration status, the court informed defendant that if he were not a United States citizen, he would be exposed to possible deportation; (4) defendant had multiple opportunities to consult with counsel prior to his entry of a guilty plea; (5) R.C.2943.031, which requires a court to advise a defendant of possible immigration consequences prior to accepting a plea, was not implicated under the facts of this case; however, even if R.C. 2943.031 were implicated in this case, the court substantially complied with R.C. 2943.031; and (6) the totality of the circumstances of the plea hearing showed that defendant was appropriately cautioned about possible unintended implications of his guilty plea and defendant understood these possible unintended implications.
 {¶ 11} We find that the record supports the common pleas court's factual findings that are contained in its decision denying defendant's motion to withdraw his guilty plea.
 {¶ 12} At the Crim.R. 11 hearing, defendant, who at that time was approximately 28 years old, informed the court that he was able to read and write English in a manner that was "pretty good." (Mar. 14, 2005 Tr. at 6.)
 {¶ 13} During the plea colloquy, the court and defendant had this exchange regarding possible deportation as a consequence of pleading guilty:
THE COURT: Mr. Vasquez, are you a United States Citizen?
THE DEFENDANT: Yes.
THE COURT: Because if you're not, the plea to a felony of the third degree would expose you to deportation, so I just want to make absolutely certain that you're a citizen.
(Id. at 7.)
 {¶ 14} During the plea colloquy, defendant acknowledged to the court that he had "plenty of opportunity" to consult with his attorney. (Id. at 6, 10.) According to the record, the court and defendant had this exchange:
THE COURT: Have you had plenty of opportunity to talk to your lawyer about your legal rights before you signed this guilty plea form?
THE DEFENDANT: Yes, sir.
THE COURT: Are you sure you know what you're doing?
THE DEFENDANT: Yeah.
* * *
THE COURT: All right. Mr. Vasquez, has anybody tried to force you to plead guilty, tried to coerce you to plead guilty, sent you threatening letters, anything like that?
THE DEFENDANT: No, sir.
THE COURT: Do you believe, sir, that you know exactly what you're doing here this morning and that you're proceeding freely and voluntarily?
THE DEFENDANT: Yes, sir.
(Id. at 10-11.)
 {¶ 15} Additionally, in a written guilty plea entry, defendant affirmed:
I am * * * a citizen of the United States of America. I understand that, if I am not a citizen of the United States, my conviction of the offense(s) to which I am pleading guilty may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.
 {¶ 16} "When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court." State v. Smith, Franklin App. No. 04AP-726, 2005-Ohio-1765, at ¶ 33, appeal not allowed, 106 Ohio St.3d 1509,2005-Ohio-4605, citing Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621, rehearing denied, 67 Ohio St.3d 1439. Here, our scope of review in this case consists of determining whether the common pleas court's denial of defendant's motion to withdraw his guilty plea was unreasonable, arbitrary, or unconscionable. See, Xie, supra, at 527.
 {¶ 17} When considering whether a trial court's decision is unreasonable, an appellate court may find that a decision is unreasonable "if there is no sound reasoning process that would support that decision." AAAA Enterprises, Inc. v. River PlaceCommunity Urban Dev. Corp. (1990), 50 Ohio St.3d 157, 161. "It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." Id.
 {¶ 18} In the present case, in its decision, the common pleas court fully outlined reasons to support its conclusion that, under the totality of the circumstances, defendant was informed and cautioned about possible unintended implications of his guilty plea. The common pleas court observed, among other things, that, at the Crim.R. 11 hearing, the court informed defendant that, if he were not a United States citizen, possible deportation could result as a consequence of a guilty plea. The common pleas court's decision also correctly noted that defendant had represented to the court that he was a United States citizen, that he understood English "pretty good," that he had an opportunity to consult with counsel, and that he freely and voluntarily entered his plea.
 {¶ 19} Based upon our review, we cannot find that the common pleas court's denial of defendant's motion to withdraw his guilty plea was not supported by a sound reasoning process.
 {¶ 20} Furthermore, "`[e]ven though the general rule is that motions to withdraw guilty pleas before sentencing are to be freely allowed and treated with liberality * * *,'" Xie, supra, at 526 (citations omitted), we cannot find that the common pleas court acted arbitrarily or unconscionably by denying defendant's motion to withdraw his guilty plea, or that the common pleas court's denial of defendant's motion constituted perversity of will, passion, prejudice, partiality, or moral delinquency.
 {¶ 21} Here, the common pleas court held a Crim.R. 11 hearing and an evidentiary hearing pertaining to defendant's motion to withdraw his Alford plea. Thus, defendant was afforded a full opportunity to be heard before the court.
 {¶ 22} At the Crim.R. 11 hearing, after the assistant prosecuting attorney informed the court that it was the state's understanding that defendant wanted to enter a guilty plea to an amended count one of the indictment, the assistant prosecuting attorney provided a recitation of the factual basis of the charge. Clarifying that defendant wished to enter a guilty plea under Alford, defendant's counsel did not object to the state's factual recitation. During the Crim.R. 11 hearing, defendant also represented to the court that he freely and voluntarily entered his plea. Compare with State v. Casale (1986),34 Ohio App.3d 339 (stating that the record in that case was devoid of a factual framework against which the trial court could weigh the appellant's claims of innocence against her willingness to waive trial, and finding that, under the particular circumstances of that case, the trial court abused its discretion by denying the appellant's pre-sentence motion to withdraw her Alford plea when: no inquiry was made into the appellant's protestations of innocence and the conflict presented by her plea; appellant insisted that she was innocent; appellant claimed that she had been confused during the original plea hearing; and appellant's repeated statements that she did not understand the implications of the previous plea proceeding); State v. Flannigan (Apr. 10, 1996), Vinton App. No. 95 CA 499 (distinguishing Casale) (observing that the prosecution provided the trial court with an adequate, albeit brief, recitation of the factual basis of the charge, appellant voiced no disagreement or objection to the prosecution's factual recitation, and, unlike Casale, the appellant stated he fully understood the consequences of pleading guilty to a reduced charge).
 {¶ 23} At the Crim.R. 11 hearing in the present case, the court informed defendant that, if he were not a United States citizen, he could be subjected to possible deportation by entering a guilty plea. Additionally, in his written guilty plea entry, defendant, who by his own account understood English "pretty good," affirmed, in part: "I understand that, if I amnot a citizen of the United States, my conviction of theoffense(s) to which I am pleading guilty may have theconsequences of deportation, exclusion from admission to theUnited States, or denial of naturalization pursuant to the lawsof the United States." (Emphasis added.)
 {¶ 24} A suggestion, therefore, that defendant was unaware that immigration sanctions, including possible deportation, was a consequence of a guilty plea is belied by defendant's own affirmation in the executed guilty plea form and by the record of proceedings at the Crim.R. 11 hearing. Moreover, notwithstanding defendant's protestations that he misunderstood the common pleas court's representations about possible deportation during the plea colloquy (June 10, 2005 Tr. at 12), and that he would not have entered the guilty plea if he had known he was not a United States citizen (id. at 8), we cannot conclude that in this case the common pleas court's denial of defendant's motion to withdraw his guilty plea was unreasonable, arbitrary, or unconscionable. Here, the common pleas court was in the best position to evaluate defendant's testimony and to determine the credibility of it. SeeState v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus (holding that, in a civil or criminal case, a determination of the weight of the evidence and credibility of witnesses is primarily for the trier of facts). Moreover, defendant's plea was submitted as a free and voluntary exercise of his own will and best judgment. In the executed written guilty plea form, defendant affirmed, in part: "I hereby assert that no person has threatened me, promised me leniency, or in any other way coerced or induced me to plead `Guilty' * * *; my decisionto plead `Guilty' * * * represents the free and voluntaryexercise of my own will and best judgment." (Emphasis added.)
 {¶ 25} Additionally, at the close of the evidentiary hearing in which arguments concerning defendant's motion to withdraw his guilty pleas were heard, the court stated: "I wanted to hear the evidence before I made a decision. I want to go back and look through the pleadings again and think about the evidence I have heard this morning." (June 10, 2005 Tr. at 42.) Before making its decision, the court thus indicated a desire to give full consideration to defendant's motion before rendering its judgment.
 {¶ 26} Accordingly, under the totality of the circumstances in this case, we cannot find that the common pleas court acted unreasonably, arbitrarily or unconscionably by denying defendant's motion, or that the trial court's denial of defendant's motion constituted perversity of will, passion, prejudice, partiality, or moral delinquency. Therefore, we hold that the common pleas court did not abuse its discretion when it denied defendant's motion. We therefore overrule defendant's sole assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Bryant and McGrath, JJ., concur.
[1] According to the common pleas court, defendant's first name was misspelled as
"Hever" in court filings, and defendant's first name properly is spelled as "Ever."
[2] An Alford plea may be defined as "[a] guilty plea that a defendant enters a part of a plea bargain, without actually admitting guilt." Black's Law Dictionary (8 Ed.Rev. 1999) 78. SeeNorth Carolina v. Alford (1970), 400 U.S. 25, 91 S.Ct. 160.
[3] Instead of specifying that defendant entered an Alford
plea to an amended count one of the indictment, namely endangering children, the court's judgment mistakenly indicates that defendant entered an Alford plea to a stipulated lesser-included offense of count one of the indictment. See, generally, State v. Deem (1988), 40 Ohio St.3d 205, at paragraph three of the syllabus (defining lesser-included offense). However, even though count one of the indictment purportedly was amended, no additional indictment or information was filed that reflected the amended charge. See, generally,Stacy v. Van Coren (1969), 18 Ohio St.2d 188, certiorari denied (1970), 396 U.S. 1045, 90 S.Ct. 696, rehearing denied (1970),397 U.S. 958, 90 S.Ct. 963.
In Stacy, the petitioner was indicted for assault with intent to commit rape. Without any further action by the grand jury and not by way of information, petitioner, who was represented by counsel, pled guilty to assault with intent to commit robbery. The question before the court concerned "whether habeas corpus lies where one is indicted for one crime and, without further action by indictment or information, pleads guilty to a different crime." Id. at 189. Remanding the petitioner to custody, theStacy court observed: "The proper procedure in this case would have been either the return of another indictment or for the petitioner to formally waive prosecution by indictment and agree to prosecution by information." Id. However, "[t]he petitioner's actions under the circumstances of this case, in voluntarily entering a plea of guilty while represented by counsel, constituted a waiver of his constitutional right to indictment or information. Although such procedure may be erroneous it does not affect the validity of the conviction." Id.
[4] At the evidentiary hearing pertaining to defendant's motion to withdraw, defendant testified that "[he] was 11, close become 12" when he emigrated to the United States. (June 10, 2005 Tr. at 5.)