[Cite as *State v. Pettus*, 2020-Ohio-4449.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-190678 |
| | | TRIAL NO. B-1605805 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| LASHAWN PETTUS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Appeal Dismissed

Date of Judgment Entry on Appeal: September 16, 2020

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Anzelmo Law* and *James Anzelmo*, for Defendant-Appellant.

**MYERS, Judge.**

{¶1} Defendant-appellant LaShawn Pettus appeals the Hamilton County Common Pleas Court's judgment overruling his 2019 "Motion to Vacate the Void Judicial Sanction Sentence." Because we lack jurisdiction to review that judgment, we dismiss the appeal.

*Procedural Posture*

{¶2} In his "Motion to Vacate the Void Judicial Sanction Sentence," Pettus sought an order vacating the six-month prison term imposed in the case numbered B-1605808, for committing the felonies charged in that case while he was on transitional control in the case numbered B-0500163.

{¶3} In the 2005 case, Pettus was convicted of aggravated theft, forgery, and three counts of tampering with evidence. The trial court sentenced him to a four-year prison term for aggravated theft and concurrent five-year terms of community control for the remaining offenses and ordered that the prison term be served before the community-control terms. In 2014, he was convicted of violating community control and sentenced to three years in prison. In 2016, he was transferred to transitional control to complete that three-year prison term.

{¶4} In 2016, while on transitional control in the 2005 case, Pettus was indicted on 16 counts of forgery and theft. Those charges were tried to the court, and he was found guilty on all but one count. For his forgery and theft offenses, the trial court imposed prison terms totaling 60 months. And for his commission of those offenses while on transitional control, the court imposed, pursuant to R.C. 2929.141(C), a six-month prison term, to be served consecutively to the 60-month term. We affirmed those convictions in the direct appeal, but remanded for

consecutive-sentencing findings. *State v. Pettus*, 1st Dist. Hamilton No. C-170712, 2019-Ohio-2023. The case remains pending before the Ohio Supreme Court upon its finding of a conflict among the districts concerning the aggregation of theft offenses under R.C. 2913.61, along with its acceptance of jurisdiction on that issue as presented in Pettus's appeal there. *See State v. Pettus*, 157 Ohio St.3d 1417, 2019-Ohio-3797, 131 N.E.3d 955; *State v. Pettus*, 157 Ohio St.3d 1419, 2019-Ohio-3797, 131 N.E.3d 962.

{¶5} In 2019, in his 2005 and 2016 cases, Pettus filed motions to vacate as void sentences imposed in those cases, based on the Ohio Supreme Court's decision in *State v. Hitchcock,* 157 Ohio St.3d 215, 2019-Ohio-3246, 134 N.E.3d 215. The motion filed in the 2005 case presented for the first time the argument that the community-control sanctions imposed in that case, and thus his subsequent community-control-violation conviction, were void, because under *Hitchcock,* the trial court lacked the statutory authority to order that the community-control sanctions be served consecutively to the prison term for aggravated theft. The common pleas court overruled that motion upon its determination that *Hitchcock* was not retrospectively applicable. That judgment was not appealed.

{¶6} In his 2019 "Motion to Vacate the Void Judicial Sanction Sentence," filed in the 2016 case, Pettus sought an order vacating as void the six-month prison term imposed in that case under R.C. 2929.141(C), for committing his 2016 forgery and theft offenses while he was on transitional control in the 2005 case. He argued that the trial court had no authority to sentence him under R.C. 2929.141(C), because he had been transferred to transitional control to complete the three-year term of imprisonment imposed for violating community-control sanctions that were void

3

under *Hitchcock*. The common pleas court overruled the motion upon its determination that the motion's *Hitchcock* challenge was not properly advanced in the 2016 case and, having been rejected in the 2005 case, was barred under the doctrine of res judicata.

{¶7} In this appeal, Pettus presents a single assignment of error, challenging the overruling of his 2019 "Motion to Vacate the Void Judicial Sanction Sentence" imposed in the 2016 case. We do not reach the merits of this assignment of error, because we have no jurisdiction to review the judgment overruling the motion.

*No Common Pleas Court Jurisdiction*

{¶8} We note as a preliminary matter that Pettus's "Motion to Vacate the Void Judicial Sanction Sentence" was properly filed in the 2016 case, because the trial court had imposed in that case the six-month prison sentence that the motion sought to have vacated. But the motion to vacate that sentence was not reviewable by the common pleas court under any postconviction procedure provided by statute or rule.

{¶9} Pettus did not specify in his motion a statute or rule under which the relief sought may have been afforded. The common pleas court was thus left to "recast" the motion "into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12 and syllabus.

{¶10} The motion alleged a statutory, rather than a constitutional, violation. Therefore, it was not reviewable under the standards provided by R.C. 2953.21 et seq., governing the proceedings upon a petition for postconviction relief. *See* R.C. 2953.21(A)(1) (requiring a postconviction petitioner to demonstrate a constitutional

4

violation in the proceedings resulting in his conviction). The motion was also not reviewable as motion for a new trial under Crim.R. 33 or as a motion to withdraw a guilty or no-contest plea under Crim.R. 32.1, because Pettus was not convicted upon guilty or no-contest pleas, but following a trial, and the motion did not seek a new trial. The motion was not reviewable under R.C. Chapter 2731 as a petition for a writ of mandamus, under R.C. Chapter 2721 as a declaratory judgment action, or under R.C. Chapter 2725 as a petition for a writ of habeas corpus, because the motion did not satisfy those statutes' procedural requirements. *See* R.C. 2731.04, 2721.12(A), and 2725.04. And Crim.R. 57(B) did not require the common pleas court to entertain the motion under Civ.R. 60(B), because Pettus's sentences were reviewable under the procedures provided for a direct appeal. Therefore, the common pleas court had no jurisdiction to entertain the motion.

*No Appeals Court Jurisdiction*

{¶11} Moreover, this court has no jurisdiction to review the entry overruling the motion. Article IV, Section 3(B)(2), of the Ohio Constitution confers upon an intermediate appellate court only "such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district."

{¶12} The common pleas court's entry overruling Pettus's postconviction motion is not a judgment of conviction. Therefore, the entry is plainly not reviewable under our jurisdiction under R.C. 2953.02 or 2953.08 to review on direct appeal a criminal conviction.

{¶13} The motion was not reviewable by the common pleas court under the postconviction statutes. Accordingly, the entry overruling the motion was not

appealable under our jurisdiction under R.C. 2953.23(B) to review an order awarding or denying postconviction relief.

{¶14} An intermediate appellate court also has jurisdiction under R.C. 2505.03(A) to review and affirm, modify, or reverse a "final order, judgment or decree." A "final order" is defined to include an order that "affects a substantial right" in "an action," when that order "in effect determines the action and prevents a judgment." R.C. 2505.02(B)(1). A final order also includes an order that "affects a substantial right" and is "made in a special proceeding," that is, in "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(B)(2) and (A)(2). And a "final order" includes an order that grants or denies "a provisional remedy" sought in "a proceeding ancillary to an action," when that order "in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy," and when "[t]he appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action." R.C. 2505.02(B)(4) and (A)(3).

{¶15} For purposes of the grant of jurisdiction under R.C. 2505.03(A), the entry overruling Pettus's motion did not constitute a "final order" as defined by R.C. 2505.02. The entry was not made in a special statutory proceeding. *See* R.C. 2505.02(B)(2) and (A)(2). And because the common pleas court lacked jurisdiction to entertain the motion, the entry did not have the effect of either determining an "action" or denying a "provisional remedy" in a proceeding ancillary to a pending

action. *See* R.C. 2505.02(B)(1), (B)(2), and (B)(4)(a). *See State v. Littlepage*, 1st Dist. Hamilton Nos. C-170207 and C-170157, 2018-Ohio-2959, ¶ 4-12.

*Not Void*

**{¶16}** Finally, a court always has jurisdiction to correct a void judgment. *See State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19. The Ohio Supreme Court in *State v. Harper*, Slip Opinion No. 2020-Ohio-2913, recently "realign[ed]" its void-versus-voidable jurisprudence with "the traditional understanding of what constitutes a void judgment" and reinstated the "traditional" rule that

> a judgment of conviction is void if rendered by a court having either no jurisdiction over the person of the defendant or no jurisdiction of the subject matter, i.e., jurisdiction to try the defendant for the crime for which he was convicted. * * * Conversely, where a judgment of conviction is rendered by a court having jurisdiction over the person of the defendant and jurisdiction of the subject matter, such judgment is not void, and the cause of action merged therein becomes res judicata as between the state and the defendant.

*Id.* at ¶ 21-22, 27-40, quoting *State v. Perry*, 10 Ohio St.2d 175, 178-179, 226 N.E.2d 104 (1967), and overruling *State v. Beasley*, 14 Ohio St.3d 74, 75, 471 N.E.2d 774 (1984), *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, and its progeny.

**{¶17}** Article IV, Section 4(B), of the Ohio Constitution and R.C. 2931.03 confer upon a common pleas court subject-matter jurisdiction over felony cases. *See Harper* at ¶ 23-25 (noting that "[s]ubject-matter jurisdiction refers to the

constitutional or statutory power of a court to adjudicate a particular class or type of case"). And a court has jurisdiction over a person appearing before it under a valid indictment. *See Stacy v. Van Coren*, 18 Ohio St.2d 188, 189, 248 N.E.2d 603 (1969); *Page v. Green*, 174 Ohio St. 178, 178-179, 187 N.E.2d 592 (1963).

{¶18} Pettus appeared before the trial court under his 2016 indictment for felony forgery and theft offenses. The charges were tried to the court, and the trial court acted within its subject-matter jurisdiction in finding Pettus guilty of, and sentencing him for, those offenses. Accordingly, any error in the trial court's exercise of that jurisdiction would have rendered Pettus's convictions voidable, not void, and thus not subject to correction under the jurisdiction to correct a void judgment.

*Appeal Dismissed*

{¶19} We have no jurisdiction to review the common pleas court's judgment overruling Pettus's "Motion to Vacate the Void Judicial Sanction Sentence." Accordingly, we dismiss this appeal.

Appeal dismissed.

**ZAYAS, P.J**, and **CROUSE, J.,** concur.


Please note:

The court has recorded its own entry on the date of the release of this opinion.