**[Cite as *State v. Spurling*, 2022-Ohio-670.]**

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-210287 |
| | | TRIAL NO. B-1701298 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N* |
| LEDON SPURLING, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed as Modified

Date of Judgment Entry on Appeal:   March 9, 2022


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Keith Sauter*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Ledon Spurling*, pro se.

**Bock, Judge**.

{¶1} Defendant-appellant Ledon Spurling appeals the Hamilton County Common Pleas Court's judgment overruling his motion to terminate his postrelease control. Because the common pleas court lacked jurisdiction to entertain Spurling's postconviction motion and should have dismissed it, we modify the trial court's judgment to reflect a dismissal of Spurling's motion and affirm the judgment as modified.

{¶2} Following a bench trial in 2017, Spurling was convicted of aggravated burglary, a first-degree felony, and sentenced to four years in prison with a five-year term of postrelease control. This court affirmed that judgment of conviction and sentence on direct appeal. *State v. Spurling*, 1st Dist. Hamilton No. C-170531 (Jun. 27, 2018), *appeal not accepted*, 153 Ohio St.3d 1476, 2018-Ohio-3637, 106 N.E.3d 1261.

{¶3} In March 2021, Spurling moved the court of common pleas to terminate his postrelease control because he had not been informed of the mandatory nature of his postrelease control pursuant to R.C. 2967.28. The common pleas court denied his motion and Spurling now appeals, arguing in a single assignment of error that the trial court erred by overruling his motion to terminate postrelease control.

### No Common Pleas Court Jurisdiction

{¶4} Spurling did not specify in his motion a statute or rule under which the relief he sought may have been granted. Therefore, the common pleas court was left to "recast" the motion "into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12. But Spurling's motion to terminate postrelease control was not reviewable under any postconviction procedure provided by rule or statute.

{¶5} The motion alleged a statutory, rather than a constitutional, violation. Therefore, it was not reviewable under the standards provided by R.C. 2953.21 et seq.,

governing the proceedings upon a petition for postconviction relief. *See* R.C. 2953.21(A)(1) (requiring a postconviction petitioner to demonstrate a constitutional violation in the proceedings resulting in his conviction). The motion was also not reviewable as a motion for a new trial under Crim.R. 33 or as a motion to withdraw a guilty or no-contest plea under Crim.R. 32.1, because Spurling was not convicted upon guilty or no-contest pleas, but following a trial, and the motion did not seek a new trial. The motion was not reviewable under R.C. Chapter 2731 as a petition for a writ of mandamus, under R.C. Chapter 2721 as a declaratory judgment action, or under R.C. Chapter 2725 as a petition for a writ of habeas corpus, because the motion did not satisfy those statutes' procedural requirements. *See* R.C. 2731.04, 2721.12(A), and 2725.04. And Crim.R. 57(B) did not require the common pleas court to entertain the motion under Civ.R. 60(B), because Spurling's sentence was reviewable under the procedures provided for in a direct appeal. Therefore, the common pleas court had no jurisdiction to entertain the motion.

{¶6} Spurling asserts that a court always has jurisdiction to correct a void judgment. We agree. *See State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 19. Spurling argues that his sentence for aggravated burglary is void and must be vacated because it was not imposed in conformity with the statute governing the imposition of postrelease control. But Spurling's 2017 judgment of conviction and sentence for aggravated burglary is not void.

{¶7} Spurling cites to *State v. Fisher*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 8, for the proposition that the imposition of a sentence contrary to the statutory mandates concerning postrelease control renders that part of the sentence void and subject to review and correction at any time before the expiration of the original sentence. But recently, in *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, the Ohio Supreme Court "realign[ed]" its void-versus-voidable jurisprudence with "the traditional understanding of what constitutes a void judgment,"

to hold that "[w]hen a case is within a court's subject-matter jurisdiction and the accused is properly before the court, any error in the exercise of that jurisdiction in imposing postrelease control renders the court's judgment voidable," not void. *Id.* at ¶ 4-5 and 41-43. Thus, the portion of *Fisher* on which Spurling relies is no longer good law. *See id.*

{¶8} Article IV, Section 4(B), of the Ohio Constitution and R.C. 2931.03 confer upon a common pleas court subject-matter jurisdiction over felony cases. *See Harper* at ¶ 23-25 (noting that "[s]ubject-matter jurisdiction refers to the constitutional or statutory power of a court to adjudicate a particular class or type of case"). And a court has jurisdiction over a person appearing before it under a valid indictment. *See Stacy v. Van Coren*, 18 Ohio St.2d 188, 189, 248 N.E.2d 603 (1969); *Page v. Green*, 174 Ohio St. 178, 178-179, 187 N.E.2d 592 (1963).

{¶9} Spurling appeared before the common pleas court under his 2017 indictment for the felony offense of aggravated burglary. The charge was tried to the court and the common pleas court acted within its subject-matter jurisdiction in finding Spurling guilty of, and sentencing him for, the charged offense. Consequently, any error in imposing postrelease control rendered that part of the sentence voidable, not void. Therefore, the common pleas court could not have exercised its jurisdiction to correct a void judgment to afford Spurling the relief he sought in his postconviction motion.

{¶10} Because the common pleas court did not have jurisdiction to review the merits of Spurling's motion under any postconviction procedure provided by rule or statute or under its jurisdiction to correct a void judgment, it should have dismissed Spurling's motion. Therefore, under App.R. 12(B), we modify the common pleas court's judgment to reflect a dismissal of Spurling's motion, and affirm that judgment as modified.

Judgment affirmed as modified.

4

**CROUSE**, **P.J.**, and **WINKLER, J.,** concur.


Please note:

The court has recorded its own entry on the date of the release of this opinion.