[Cite as *State v. Harris*, 2011-Ohio-2729.]

# IN THE COURT OF APPEALS
## FIRST APPELLATE DISTRICT OF OHIO
## HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-100470 |
|  |  | C-100471 |
| Plaintiff-Appellee, | : | TRIAL NOS. B-0001819-B |
|  |  | B-0000754-B |
| vs. | : |  |
|  |  | *D E C I S I O N.* |
| PHARO HARRIS, | : |  |
| Defendant-Appellant. | : |  |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Appeal Dismissed in C-100471; Affirmed in Part, Sentence Vacated in Part, and Cause Remanded in C-100470

Date of Judgment Entry on Appeal: June 8, 2011

*Joseph T. Deters*, Prosecuting Attorney, and *James Michael Keeling*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Rubenstein & Thurman, L.P.A.*, and *Scott Rubenstein,* for Defendant-Appellant.

Please note:  This case has been removed from the accelerated calendar.

**SUNDERMANN, Judge.**

{¶1}    Pharo Harris appeals from the ten-year sentence imposed by the trial court in the case numbered B-0001819-B.  We affirm the judgment of the trial court with respect to the notification concerning postrelease control.  But because the trial court did not have the authority to merge the offenses for which Harris was convicted, we vacate that portion of the resentencing entry that addressed issues other than postrelease control, and we remand the case for reinstatement of Harris's original sentence.  Harris has also filed a notice appeal from his conviction in the case numbered B-0000754-B, but he has assigned no error related to that case.  We, therefore, dismiss the appeal in case number C-100471.

{¶2}    In June 2000, Harris pleaded guilty to one count of aggravated robbery with a specification and two counts of kidnapping.  The trial court sentenced him to three years' incarceration for each count and to one year's incarceration for the specification to aggravated robbery.  The sentences were consecutive for an aggregate sentence of ten years.  Harris's motion for a delayed appeal of his conviction was overruled by this court in 2004.

{¶3}    In 2010, Harris was returned to the trial court for resentencing so that the court could inform him about mandatory postrelease control.  At the time of the hearing, Harris argued that the trial court had erred in 2000 when it convicted him of aggravated robbery and kidnapping because the offenses were allied offenses of similar import.[1]  The trial court agreed, and in addition to notifying Harris about the terms of postrelease control, it merged the aggravated-robbery and kidnapping counts and resentenced Harris.  The new sentence was nine years' incarceration for aggravated robbery with one year's incarceration for the specification.  The aggregate sentence remained ten years.

---

[1] See R.C. 2941.25.

{¶4} In his sole assignment of error, Harris asserts that the trial court erred when it increased his sentence for aggravated robbery. He contends that the new sentence was vindictive.

{¶5} At the time Harris was returned for resentencing, *State v. Bezak* required that when a sentence omitted a statutorily mandated term of postrelease control, the trial court had to conduct a de novo sentencing hearing to correct the error.[2] But the Ohio Supreme Court has since limited *Bezak* in *State v. Fischer*, holding that a sentence that omits notification about postrelease control is only partly void.[3] As a result, rather than conducting a de novo resentencing to correct a postrelease-control error, trial courts may only resentence to correct the erroneous or omitted provision for postrelease control.[4]

{¶6} In this case, the trial court's authority was limited to informing Harris about mandatory postrelease control. It did not have the authority to merge the offenses and to resentence Harris. Harris's assignment of error is without merit. But because the trial court exceeded its authority by merging the offenses for sentencing, we vacate that part of the resentencing entry that addressed issues other than postrelease control and remand the case to the trial court for reinstatement of Harris's original sentence, as modified with the inclusion of postrelease control.

Judgment accordingly.

**HILDEBRANDT, P.J.,** and **CUNNINGHAM, J.,** concur.

Please Note:

The court has recorded its own entry this date.

---

[2] 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, syllabus.
[3] ___ Ohio St.3d ___, 2010-Ohio-6238, ___ N.E.2d ___, paragraph two of the syllabus.
[4] *Fischer*, supra, at ¶29.