[Cite as *State v. Criswell*, 2011-Ohio-5786.]

# IN THE COURT OF APPEALS

## FIRST APPELLATE DISTRICT OF OHIO

## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-110135 |
| | | C-110286 |
| Plaintiff-Appellee, | : | TRIAL NOS. B-9907155-B |
| | | B-9908329 |
| vs. | : | |
| ANTHONY CRISWELL, | : | |
| | | *O P I N I O N.* |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal: November 10, 2011

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Timothy J. McKenna*, for Defendant-Appellant.

Please note: This case has been removed from the accelerated calendar.

**FISCHER, Judge.**

{¶1} Defendant-appellant Anthony Criswell was convicted in the case numbered B-9908329 of preparation of cocaine for sale, in violation of former R.C. 2925.07, possession of cocaine for sale accompanied by a major-drug-offender specification, and two counts of having a weapon while under a disability. The trial court imposed the sentences for the preparation-of-cocaine charge and the weapons-under-disability charges concurrent with the possession-of-cocaine charge, and sentenced Criswell to 15 years' incarceration.

{¶2} In a separate case numbered B-9907155-B, Criswell was convicted of felonious assault accompanied by a firearm specification. The trial court then imposed a ten-year prison term to be served consecutively to the 15-year prison term imposed in the case numbered B-9908329.

{¶3} Criswell appealed his convictions to this court in the appeals numbered C-000222, C-000229, and C-000230. This court vacated Criswell's weapons-under-disability convictions, and affirmed Criswell's convictions in all other respects.

{¶4} On October 7, 2010, Criswell filed a pro se motion to vacate a void sentence, arguing that the trial court had failed to inform him of postrelease control. Because neither of the judgment entries in Criswell's cases mentioned postrelease control, the trial court granted Criswell's motion and held a hearing on the matter.

{¶5} At the hearing, the trial court indicated that Criswell's convictions in the case numbered B-9908329 for preparation of cocaine for sale and possession of cocaine for sale should merge because they were allied offenses of similar import. The trial court then merged those convictions for the purposes of sentencing, but

imposed the same overall 15-year sentence in that case. Criswell's sentence in the case numbered B-9907155-B remained the same. The trial court further notified Criswell at the hearing that he faced a mandatory three-year period of postrelease control in the case numbered B-9907155-B, and that he faced a mandatory five-year period of postrelease control in the case numbered B-9908329. The judgment entries also reflect this notification.

{¶6} Criswell now appeals, raising a single assignment of error. Criswell contends that the trial court failed to consider the principles and purposes of sentencing pursuant to R.C. 2929.11 and 2929.12, and that the trial court abused its discretion in imposing the sentence in the case numbered B-9907155-B consecutively to the sentence imposed in the case numbered B-9908329.

{¶7} Pursuant to the Ohio Supreme Court's decision in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraphs one and two of the syllabus, if a trial court fails to properly notify a defendant of postrelease control, then that part of the defendant's sentence is void, and any new sentencing hearing is limited to the imposition of postrelease control. Res judicata bars a defendant's challenge to lawfully-imposed portions of a sentence. *State v. Buckner*, 1st Dist. No. C-100666, 2011-Ohio-4358, ¶6.

{¶8} Because only those portions of Criswell's sentences pertaining to postrelease control were void, the trial court's jurisdiction was limited to informing Criswell of postrelease control. As a result, the trial court lacked authority to merge Criswell's drug offenses in the case numbered B-9908329. *State v. Harris*, 1st Dist. Nos. C-100470 and C-100471, 2011-Ohio-2729, ¶5-6. Extending that principle to Criswell's assignment of error, the trial court did not have the authority to impose

Criswell's sentences in the separate cases concurrently instead of consecutively, as originally imposed. Therefore, Criswell's assignment of error is overruled.

{¶9} The trial court's judgment in the case numbered B-9908329 is reversed, and this cause is remanded for the imposition of Criswell's original sentences on the drug counts, as modified with the proper postrelease-control notification, and the dismissal of the weapons-under-disability counts pursuant to this court's disposition of Criswell's first appeal. The trial court's judgment in the case numbered B-9907155-B is affirmed.

Affirmed in part, reversed in part, and cause remanded.

**SUNDERMANN, P.J.,** and **CUNNINGHAM, J.,** concur.

Please Note:

The court has recorded its own entry on the date of the release of this opinion.