[Cite as *State v. Lucas*, 2012-Ohio-2826.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

    v.

DELUCAS E. LUCAS

    Appellant

C.A. No.     11CA100050

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    98CR052578

DECISION AND JOURNAL ENTRY

Dated: June 25, 2012

---

BELFANCE, Judge.

{¶1} Defendant-Appellant DeLucas Lucas has appealed from the Lorain County Court of Common Pleas' entry denying his application for DNA testing. For the reasons set forth below, we affirm.

I.

{¶2} On October 14, 1998, Mr. Lucas was indicted for two counts of felonious assault, two counts of aggravated robbery, and one count each of aggravated burglary, attempted rape, burglary, robbery, and attempted murder. Additionally, the indictment contained two sexually violent predator specifications. In February 2000, Mr. Lucas pleaded guilty to the indictment; however, the sexually violent predator specifications were dismissed. The trial court sentenced Mr. Lucas to a total of 13 years in prison and classified him as a sexually oriented offender. Mr. Lucas did not file a direct appeal.

**{¶3}** In 2004, Mr. Lucas filed a pro se application for DNA testing, which was subsequently denied by the trial court. On July 30, 2010, Mr. Lucas, through counsel, filed another application for DNA testing. The State responded in opposition. Ultimately, the trial court denied Mr. Lucas' application, concluding that DNA testing would not be outcome determinative. Mr. Lucas has appealed from that entry, raising a single assignment of error for our review.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED WHEN IT DENIED DELUCAS LUCAS' APPLICATION FOR DNA TESTING ON THE GROUND THAT TESTING WOULD NOT BE OUTCOME DETERMINATIVE.

**{¶4}** Mr. Lucas asserts in his sole assignment of error that the trial court erred in denying his application for DNA testing. We do not agree.

**{¶5}** Mr. Lucas filed an application for postconviction DNA testing pursuant to R.C. 2953.71 et seq. Specifically, Mr. Lucas asserted in his memorandum in support that, pursuant to R.C. 2953.82(A), his guilty plea did not make him ineligible and that he satisfied the requirements of R.C. 2953.74.

**{¶6}** "We begin by noting that our standard of review as to the legal conclusions of the trial court is de novo." (Internal quotations and citations omitted.) *State v. Ingram,* 9th Dist. No. 25843, 2012-Ohio-333, ¶ 7.

**{¶7}** Because of the nature of this appeal, it is important to briefly discuss the history of the statutory scheme set forth in Chapter 2953 of the Ohio Revised Code:

> In 2003[,] the General Assembly enacted legislation to establish mechanisms and procedures for the DNA testing of certain inmates serving a prison term for a felony or under a sentence of death. The statute established two distinct mechanisms: one for inmates who pleaded not guilty to the felony and another for

inmates who pleaded guilty or no contest to the felony. These provisions were originally effective for a limited period but were made permanent in 2006. In 2010[,] the statute was amended to broaden the eligibility to apply for DNA testing to convicted offenders who are not currently serving a prison term but are subject to other restrictions such as parole or reporting requirements, but at the same time the mechanism applicable to inmates who pleaded guilty or no contest to the offense in question was removed.

Katz, Martin, Lipton, & Crocker, *Baldwin's Ohio Practice Criminal Law*, Section 81:15 (2011). R.C. 2953.82 was the section that authorized an inmate who pleaded guilty or no contest to a felony the ability to request DNA testing pursuant to that Chapter. On July 6, 2010, 2010 Am.Sub.S.B. No. 77 became effective and operated to repeal R.C. 2953.82. There is no dispute that Mr. Lucas filed his application on July 30, 2010, after R.C. 2953.82 had already been repealed. Thus, R.C. 2953.82 cannot support Mr. Lucas' request for DNA testing. *See State v. Broadnax,* 2d Dist. No. 24121, 2011-Ohio-2182, ¶ 17. We, therefore, turn to examining the remainder of R.C. 2953.71 et seq. to determine whether the trial court erred in denying Mr. Lucas' application.

{¶8} R.C. 2953.72(A) states that "[a]ny *eligible offender* who wishes to request DNA testing under sections 2953.71 to 2953.81 of the Revised Code shall submit an application for the testing to the court of common pleas specified in section 2953.73 of the Revised Code, on a form prescribed by the attorney general for this purpose." (Emphasis added.) *See also* R.C. 2953.73(A). R.C. 2953.73(D) states that, "if an *eligible offender* submits an application for DNA testing under division (A) of this section, the court shall make the determination as to whether the application should be accepted or rejected." (Emphasis added.) Thus, an inherent prerequisite to obtaining DNA testing pursuant to R.C. 2953.71 et seq. is that the applicant be an eligible offender. "'Eligible offender' means an offender who is eligible under division (C) of section 2953.72 of the Revised Code to request DNA testing to be conducted under sections

2953.71 to 2953.81 of the Revised Code." R.C. 2953.71(F). R.C. 2953.72(C)(2) provides that "[a]n offender is not an eligible offender under division (C)(1) of this section regarding any offense to which the offender pleaded guilty or no contest." Thus, because Mr. Lucas' application involved only offenses for which Mr. Lucas pleaded guilty, Mr. Lucas was not an eligible offender as that term is defined by the statute. *See* R.C. 2953.72(C)(2); *Broadnax*, 2011-Ohio-2182, ¶ 16 ("In fact, R.C. 2953.72(C)(2) specifically states that an offender is not eligible to apply under sections 2953.71 to 2953.81 regarding any offense to which he pled guilty or no contest."); *State v. Constant,* 11th Dist. No. 2008-L-100, 2009-Ohio-3936, ¶ 13-18 (applying former R.C. 2953.72(C)(1) to conclude that the defendant was not eligible for testing under the statute because he was out on parole).

{¶9} It is true that R.C. 2953.84 specifically states that:

> [t]he provisions of sections 2953.71 to 2953.81 of the Revised Code by which an offender may obtain postconviction DNA testing are not the exclusive means by which an offender may obtain postconviction DNA testing, and the provisions of those sections do not limit or affect any other means by which an offender may obtain postconviction DNA testing.

Nonetheless, the application that Mr. Lucas filed specifically sought relief pursuant to R.C. 2953.71 et seq. and did not seek relief pursuant to any other provisions. As Mr. Lucas was not an eligible offender with respect to his application for DNA testing pursuant to R.C. 2953.71 et seq. and because R.C. 2953.82 was repealed at the time Mr. Lucas filed his application, the trial court could not grant Mr. Lucas' application.

## III.

{¶10} In light of the foregoing, we overrule Mr. Lucas' assignment of error and affirm the judgment of the Lorain County Court of Common Pleas.

Judgment affirmed.

5

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

EVE V. BELFANCE
FOR THE COURT

WHITMORE, P. J.
CARR, J.
CONCUR.


APPEARANCES:

MARK GODSEY and JENNIFER PASCHEN BERGERON, Attorneys at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and PETER GAUTHIER, Assistant Prosecuting Attorney, for Appellee.