[Cite as *State v. Littlepage*, 2018-Ohio-1382.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-160918 |
| | | TRIAL NO. B-1304393 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| DANIEL LITTLEPAGE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  April 13, 2018

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Sean M. Donovan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Daniel Littlepage*, pro se.

Per Curiam.

{¶1}   Defendant-appellant Daniel Littlepage presents on appeal a single assignment of error challenging the Hamilton County Common Pleas Court's judgment rejecting his postconviction application under R.C. 2953.71 et seq. for DNA testing and overruling his "Motion to Compel DNA Testing."  We affirm the court's judgment, because Littlepage was not eligible to apply for DNA testing under those statutes.

{¶2}   Littlepage was convicted in January 2014 upon his guilty plea to aggravated murder.  He unsuccessfully challenged his conviction on direct appeal and in postconviction proceedings filed in 2014 and 2015.  *See State v. Littlepage*, 1st Dist. Hamilton No. C-140760 (Dec. 4, 2015); *State v. Littlepage*, 1st Dist. Hamilton No. C-140574 (Aug. 26, 2015), *appeals not accepted*, 144 Ohio St.3d 1429, 2015-Ohio-5225, 42 N.E.3d 764, and 145 Ohio St.3d 1461, 2016-Ohio-2807, 49 N.E.3d 322.

{¶3}   In March 2016, Littlepage challenged his aggravated-murder conviction by submitting to the common pleas court, on a form prescribed by the Ohio Attorney General, an "Application for DNA Testing" pursuant to R.C. 2953.71 to 2953.81.  *See* R.C. 2953.72(A).  The application sought testing of "tangible evidence removed from the scene of [the aggravated murder] and second location; specifically, boots, clothes, and skin as well as Gun Shell found at crime scene."  Six months later, Littlepage filed with the court a "Motion to Compel DNA Testing," seeking an order to compel the Hamilton County Prosecuting Attorney to "process" his application for DNA testing and to "perform the required testing."   The court rejected the application and overruled the motion upon its findings that the application was "not specific," that Littlepage had "had a definitive DNA test at the trial stage," that "DNA testing would not be outcome determinative in [his] case," and that he had been convicted of aggravated murder upon a plea of guilty.  This appeal followed.

{¶4}   In 2003, the Ohio General Assembly enacted legislation providing for

2

postconviction DNA testing of biological evidence upon which no DNA test, or an inconclusive DNA test, had been conducted. *See* R.C. 2953.71 et seq. Those statutes, from their inception, expressly excluded from eligibility to apply for DNA testing under R.C. 2953.71 to 2953.81 an applicant requesting testing "regarding an[] offense to which the [applicant had] pleaded guilty or no contest." *See* R.C. 2953.72(C)(2) and 2953.71(F). A separate provision, R.C. 2953.82, also enacted in 2003, permitted a request for DNA testing regarding a conviction upon a guilty or no-contest plea. But R.C. 2953.82 was repealed effective July 2010. *See* 2010 Am.Sub.S.B. No. 77.

{¶5} Littlepage applied for DNA testing pursuant to R.C. 2953.71 to 2953.81 in 2016. But the DNA-testing statutes required the common pleas court to entertain that application only if Littlepage was "an eligible offender." R.C. 2953.73(D). He was not. His guilty plea to aggravated murder excluded him from eligibility to request DNA testing regarding that offense. *See* R.C. 2953.72(C)(2) and 2953.71(F).

{¶6} We, therefore, hold that the common pleas court did not err in declining to afford Littlepage the relief sought in his DNA-testing application. *Accord State v. Harris*, 8th Dist. Cuyahoga No. 103924, 2016-Ohio-4707, ¶ 17-19; *State v. Lucas*, 9th Dist. Lorain No. 11CA100050, 2012-Ohio-2826, ¶ 2-9; *State v. Broadnax,* 2d Dist. Montgomery No. 24121, 2011-Ohio-2182, ¶ 16. And we hold that the court properly overruled his motion for an order compelling that relief. Accordingly, we overrule the assignment of error and affirm the court's judgment.

Judgment affirmed.

**ZAYAS, P.J., MILLER** and **DETERS, JJ.**

Please note:

The court has recorded its own entry on the date of the release of this opinion.