[Cite as *State v. Littlepage*, 2018-Ohio-2959.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-170207 |
| | | C-170157 |
| Plaintiff-Appellee, | : | TRIAL NO. B-1304393 |
| | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| DANIEL LITTLEPAGE, | : | |
| | : | |
| Defendant-Appellant. | : | |

Criminal Appeals From: Hamilton County Court of Common Pleas

Judgments Appealed From Are: Appeals Dismissed

Date of Judgment Entry on Appeal: July 27, 2018

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Sean M. Donovan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Daniel Littlepage*, pro se.

Per Curiam.

{¶1} Defendant-appellant Daniel Littlepage appeals the Hamilton County Common Pleas Court's judgments overruling his "Motion to Correct Sentence" and "Motion for Grand Jury Testimony and Evidence [and] Disclosure of Proceedings." We dismiss the appeals for lack of jurisdiction.

{¶2} Littlepage was convicted of aggravated murder in January 2014. He unsuccessfully challenged his conviction on direct appeal and in postconviction filings between 2014 and 2017. *See State v. Littlepage*, 1st Dist. Hamilton No. C-140760 (Dec. 4, 2015); *State v. Littlepage*, 1st Dist. Hamilton No. C-140574 (Aug. 26, 2015), *appeals not accepted*, 144 Ohio St.3d 1429, 2015-Ohio-5225, 42 N.E.3d 764, and 145 Ohio St.3d 1461, 2016-Ohio-2807, 49 N.E.3d 322; *State v. Littlepage*, 1st Dist. Hamilton No. C-160918, 2018-Ohio-1382.

### Motion to Correct Sentence

{¶3} In the case numbered C-170157, Littlepage presents a single assignment of error challenging the common pleas court's judgment overruling his February 2017 "Motion to Correct Sentence." In that motion, he sought correction of his sentence on the ground that it was void because the trial court had failed to make statutorily mandated findings. We do not reach the merits of the assignment of error, because we have no jurisdiction to review the judgment overruling the motion.

{¶4} ***No common pleas court jurisdiction.*** Littlepage did not specify in his motion a statute or rule under which the relief sought may be afforded. The common pleas court was thus left to "recast" the motion "into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12 and syllabus.

{¶5} But the motion was not reviewable under the standards provided by R.C. 2953.21 et seq., governing the proceedings upon a petition for postconviction relief, because the motion alleged statutory, rather than constitutional, violations. *See* R.C.

2953.21(A)(1) (requiring a postconviction petitioner to demonstrate a constitutional violation in the proceedings resulting in his conviction); *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, ¶ 26 (holding that sentencing findings are not constitutionally mandated).  The motion was also not reviewable as a motion for a new trial under Crim.R. 33 or as a motion to withdraw his guilty plea under Crim.R. 32.1, because Littlepage was not convicted following a trial, but upon a plea of guilty, and his motion did not seek withdrawal of that plea.  The motion was not reviewable under R.C. Chapter 2731 as a petition for a writ of mandamus, under R.C. Chapter 2721 as a declaratory judgment action, or under R.C. Chapter 2725 as a petition for a writ of habeas corpus, because the motion did not satisfy those statutes' procedural requirements.  *See* R.C. 2731.04, 2721.12(A), and 2725.04.  And Crim.R. 57(B) did not require the common pleas court to entertain the motion under Civ.R. 60(B), because Littlepage's sentence had been reviewable under the procedures provided for a direct appeal.  *See State v. Smith*, 1st Dist. Hamilton Nos. C-150445 and C-150446, 2016-Ohio-3521, ¶ 19.

{¶6} We, therefore, conclude that the common pleas court had no jurisdiction to entertain Littlepage's "Motion to Correct Sentence."

{¶7} ***No appeals court jurisdiction.***  Moreover, this court has no jurisdiction to review the common pleas court's judgment overruling the motion. Article IV, Section 3(B)(2), Ohio Constitution, confers upon an intermediate appellate court only "such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district."

{¶8} The common pleas court's judgment overruling Littlepage's motion to correct his sentence is not a judgment of conviction.  Therefore, the judgment overruling the motion is plainly not reviewable under the jurisdiction conferred upon an appeals court by R.C. 2953.02 or 2953.08 to review a judgment of conviction entered in a criminal case.

{¶9} An appeals court has jurisdiction under R.C. 2953.23(B) to review an order awarding or denying postconviction relief. But the entry overruling Littlepage's motion was not appealable under R.C. 2953.23(B), because, as we determined, the motion was not reviewable by the common pleas court under the postconviction statutes.

{¶10} An appeals court also has jurisdiction under R.C. 2505.03(A) to review and affirm, modify, or reverse a "final order, judgment or decree." A "final order" includes an order that "affects a substantial right" in "an action," when that order either "in effect determines the action and prevents a judgment," R.C. 2505.02(B)(1), or is "made in a special proceeding," that is, in "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(B)(2) and (A)(2). A "final order" also includes an order that "grants or denies a provisional remedy," that is, a remedy in "a proceeding ancillary to an action," when that order "in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy," and when "[t]he appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action." R.C. 2505.02(A)(3) and (B)(4).

{¶11} The common pleas court's entry overruling Littlepage's "Motion to Correct Sentence" was not reviewable by this court under R.C. 2505.03(A) as a "final order." The entry was not "made" in any "special" statutory proceeding. *See* R.C. 2505.02(B)(2). Nor can the entry be said to have effectively determined or prevented a judgment in any proceeding, when the motion was not filed in any action, or in any proceeding ancillary to an action, then pending before the court. *See* R.C. 2505.02(B)(1) and (B)(4)(a).

{¶12} *Not correctable under the jurisdiction to correct a void judgment.* Finally, the sentencing error alleged in Littlepage's "Motion to Correct

Sentence" was not subject to correction by this court or by the common pleas court under the jurisdiction to correct a void judgment. *See State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19. The alleged error, even if demonstrated, would not have rendered his conviction void. *See State v. Wurzelbacher*, 1st Dist. Hamilton No. C-130011, 2013-Ohio-4009, ¶ 8; *State v. Grant*, 1st Dist. Hamilton No. C-120695, 2013-Ohio-3421, ¶ 9-16 (holding that a judgment of conviction is void only to the extent that a sentence is unauthorized by statute or does not include a statutorily mandated term or if the trial court lacks subject-matter jurisdiction or the authority to act).

### *Motion for Transcript of Grand Jury Proceedings*

{¶13} In the case numbered C-170207, Littlepage presents a single assignment of error challenging the common pleas court's judgment overruling his April 2017 "Motion for Grand Jury Testimony and Evidence [and] Disclosure of Proceedings." He sought in his motion an order granting him "access" to the record of the proceedings before the grand jury leading to his indictment. We do not reach the merits of this assignment of error, because, again, we lack jurisdiction to review the overruling of the motion.

{¶14} ***No common pleas court jurisdiction.*** Littlepage submitted his motion "pursuant to [R.C.] 2939.19 and Crim.R. 6(E)" and characterized his request for disclosure of grand jury proceedings as "the equivalent of a demand for discovery * * * in accordance with Crim.R. 16." To demonstrate his "particularized need" for the record of those proceedings, he alleged that his conviction had been the product of his trial counsel's ineffectiveness, prosecutorial misconduct, and other due-process violations, and that he was actually innocent of the offense to which he had pled guilty.

{¶15} R.C. 2939.19 and Crim.R. 6(E) preclude disclosure of the opinions, deliberations, and votes of grand jurors. Crim.R. 6(E) permits disclosure of "other matters occurring before the grand jury * * * only when so directed by the court

5

preliminary to or in connection with a judicial proceeding, or when permitted by the court at the request of the defendant upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury." Thus, "[g]rand jury proceedings are secret, and an accused is not entitled to inspect grand jury transcripts either before or during trial unless the ends of justice require it and there is a showing by the defense that a particularized need for disclosure exists which outweighs the need for secrecy." *State v. Greer*, 66 Ohio St.2d 139, 420 N.E.2d 982 (1981), paragraph two of the syllabus.

{¶16} The Courts of Appeals for the Eighth, Tenth, and Fifth Appellate Districts have held that a trial court has no jurisdiction to order disclosure of grand jury proceedings when no proceeding within that court's jurisdiction is pending. *State v. Harper*, 5th Dist. Guernsey No. 13 CA 15, 2013-Ohio-3897, ¶ 19; *State v. Russell,* 10th Dist. Franklin No. 05AP–1325, 2006-Ohio-5945, ¶ 10; *State v. Short,* 8th Dist. Cuyahoga No. 83492, 2004-Ohio-2695, ¶ 7. Compelled by the reasoning of those decisions, we hold that the common pleas court had no jurisdiction to entertain Littlepage's "Motion for Grand Jury Testimony and Evidence [and] Disclosure of Proceedings," when it was not filed in a pending proceeding within that court's jurisdiction.

{¶17} ***No appeals court jurisdiction.*** Nor does this court have jurisdiction to review the common pleas court's judgment denying the relief sought in Littlepage's "Motion for Grand Jury Testimony and Evidence [and] Disclosure of Proceedings."

{¶18} The motion sought an order requiring disclosure of the grand jury proceedings leading to the indictment upon which Littlepage was convicted; it did not seek relief from that conviction. Therefore, the judgment overruling the motion is not reviewable under our jurisdiction under R.C. 2953.02 or 2953.08 to review a judgment of conviction entered in a criminal case.

{¶19} Nor could the motion be "recast" as a postconviction motion that the common pleas court had jurisdiction to entertain. Again, Littlepage did not seek in the motion relief from his conviction. He characterized the motion as "the equivalent of a demand for discovery." And the motion may fairly be read to seek discovery for the purpose of preparing a postconviction petition. But the motion was not filed in a pending postconviction proceeding. And the postconviction statutes do not, except in capital cases, provide for discovery in the initial stages of a postconviction proceeding. *State ex rel. Love v. Cuyahoga Cty. Prosecutor's Office,* 87 Ohio St.3d 158, 159, 718 N.E.2d 426 (1999). The motion was thus not reviewable by the common pleas court under the postconviction statutes. In turn, it was not reviewable under our jurisdiction under R.C. 2953.23(B) to review an order denying postconviction relief.

{¶20} Finally, the entry overruling the motion was not reviewable by this court under the jurisdiction conferred under R.C. 2505.03(A) to review and affirm, modify, or reverse a "final order." The entry was not "made" in any "special" statutory proceeding. *See* R.C. 2505.02(B)(2). Nor can the entry be said to have effectively determined or prevented a judgment in any proceeding, when the motion was not filed in any action, or in any proceeding ancillary to an action, then pending before the court. *See* R.C. 2505.02(B)(1) and (B)(4)(a).

### *Appeals Dismissed*

{¶21} We hold that we are without jurisdiction to review the common pleas court's judgments overruling Littlepage's "Motion to Correct Sentence" and "Motion for Grand Jury Testimony and Evidence [and] Disclosure of Proceedings." Accordingly, we dismiss these appeals.

Appeals dismissed.

CUNNINGHAM, P.J., ZAYAS and MYERS, JJ.

Please note:

The court has recorded its own entry on the date of the release of this opinion.

7