[Cite as *State v. Criswell*, 2020-Ohio-3793.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-190531 |
| | | TRIAL NO. B-9908329 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| ANTHONY CRISWELL, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Appeal Dismissed

Date of Judgment Entry on Appeal:    July 22, 2020


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Philip R. Cummings*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*James P. Criswell*, pro se.

**MOCK, Presiding Judge.**

{¶1} Defendant-appellant Anthony Criswell appeals the Hamilton County Common Pleas Court's judgment overruling his "Motion for Summary Judgment and to Set Resentencing Date." We dismiss the appeal for lack of jurisdiction.

{¶2} In 2000, Criswell was convicted of cocaine possession, preparation of cocaine for sale, and having weapons under a disability. Subsequent challenges to those convictions in the direct appeal and in a postconviction motion culminated in the 2012 entry of judgment convicting him on the drug charges. *See State v. Criswell*, 1st Dist. Hamilton Nos. C-000222, C-000229 and C-000230, 2001 WL 300727 (Mar. 16, 2001); *State v. Criswell*, 1st Dist. Hamilton Nos. C-110135 and C-110286, 2011-Ohio-5786. We affirmed that judgment on direct appeal. *State v. Criswell*, 1st Dist. Hamilton No. C-120216 (Nov. 30, 2012).

{¶3} In 2019, Criswell filed with the common pleas court his "Motion for Summary Judgment and to Set Resentencing Date." In that motion, he sought a new sentencing hearing on the ground that the sentences imposed for his drug offenses were void to the extent that they were not imposed in conformity with the statutes governing the imposition of postrelease control.

{¶4} In this appeal from the overruling of the motion, Criswell presents a single assignment of error that essentially restates the challenge advanced in the motion. We read the assignment of error to challenge the overruling of the motion. But we do not reach the merits of the assignment of error, because we have no jurisdiction to review the judgment overruling the motion.

*No Common Pleas Court Jurisdiction*

{¶5} In his "Motion for Summary Judgment and to Set Resentencing Date," Criswell did not specify a statute or rule under which the relief sought may have been

afforded.  The common pleas court was thus left to "recast" the motion "into whatever category necessary to identify and establish the criteria by which the motion should be judged."  *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12 and syllabus.

{¶6} But the motion was not reviewable by the common pleas court under the standards provided by R.C. 2953.21 et seq., governing the proceedings upon a petition for postconviction relief, because it alleged a statutory, rather than a constitutional, violation.  *See* R.C. 2953.21(A)(1) (requiring a postconviction petitioner to demonstrate a constitutional violation in the proceedings resulting in his conviction).  The motion was also not reviewable as motion for a new trial under Crim.R. 33 or as motion to withdraw a guilty or no-contest plea under Crim.R. 32.1, because Criswell was not convicted upon guilty or no-contest pleas, but following a trial, and the motion did not seek a new trial.  The motion was not reviewable under R.C. Chapter 2731 as a petition for a writ of mandamus, under R.C. Chapter 2721 as a declaratory judgment action, or under R.C. Chapter 2725 as a petition for a writ of habeas corpus, because the motion did not satisfy those statutes' procedural requirements.  *See* R.C. 2731.04, 2721.12(A), and 2725.04.  And Crim.R. 57(B) did not require the common pleas court to entertain the motion under Civ.R. 60(B), because Criswell's sentences were reviewable under the procedures provided for a direct appeal.  Therefore, the common pleas court had no jurisdiction to entertain the motion.

## *No Court of Appeals Jurisdiction*

{¶7} Moreover, this court has no jurisdiction to review the entry overruling the "Motion for Summary Judgment and to Set Resentencing Date."  Article IV, Section 3(B)(2), of the Ohio Constitution confers upon an intermediate appellate

court only "such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district."

{¶8} The common pleas court's entry overruling Criswell's postconviction motion is not a judgment of conviction. Therefore, the entry is plainly not reviewable under our jurisdiction under R.C. 2953.02 or 2953.08 to review on direct appeal a criminal conviction.

{¶9} An appeals court has jurisdiction under R.C. 2953.23(B) to review an order awarding or denying postconviction relief. But the entry overruling Criswell's motion was not appealable under R.C. 2953.23(B), because, as we determined, the motion was not reviewable by the common pleas court under the postconviction statutes.

{¶10} An appeals court also has jurisdiction under R.C. 2505.03(A) to review and affirm, modify, or reverse a "final order, judgment or decree." A "final order" is defined to include an order that "affects a substantial right" in "an action," when that order "in effect determines the action and prevents a judgment." R.C. 2505.02(B)(1). A final order also includes an order that "affects a substantial right" and is "made in a special proceeding," that is, in "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(B)(2) and (A)(2). And a "final order" includes an order that grants or denies "a provisional remedy" sought in "a proceeding ancillary to an action," when that order "in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy," and when "[t]he appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all

4

proceedings, issues, claims, and parties in the action." R.C. 2505.02(B)(4) and (A)(3).

{¶11} The entry overruling Criswell's motion was not made in a special statutory proceeding. *See* R.C. 2505.02(B)(2) and (A)(2). Nor did the entry have the effect of determining an "action" or denying a "provisional remedy" in a proceeding ancillary to a pending action, when the common pleas court lacked jurisdiction to entertain the motion. *See* R.C. 2505.02(B)(1), (B)(2), and (B)(4)(a). Accordingly, for purposes of the grant of intermediate appellate jurisdiction under R.C. 2505.03(A), the entry overruling the motion did not constitute a "final order" as defined by R.C. 2505.02. *See State v. Littlepage*, 1st Dist. Hamilton Nos. C-170207 and C-170157, 2018-Ohio-2959, ¶ 4-12.

*Not Void*

{¶12} Finally, a court always has jurisdiction to correct a void judgment. *See State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19. And until the Ohio Supreme Court's May 2020 decision in *State v. Harper*, Slip Opinion No. 2020-Ohio-2913, the imposition of a sentence contrary to the statutory mandates concerning postrelease control rendered that part of the sentence void and subject to review and correction at any time before completion of the journalized sentence. *See id.* at ¶ 27-40 (overruling *State v. Beasley*, 14 Ohio St.3d 74, 75, 471 N.E.2d 774 (1984), and *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E. 2d 864, and its progeny). The court in *Harper* "realign[ed]" its void-versus-voidable jurisprudence with "the traditional understanding of what constitutes a void judgment," to hold that "[w]hen a case is within a court's subject-matter jurisdiction and the accused is properly before the court, any error in the

exercise of that jurisdiction in imposing postrelease control renders the court's judgment voidable," not void. *Id.* at ¶ 4-5 and 41-43.

{¶13} Article IV, Section 4(B), of the Ohio Constitution and R.C. 2931.03 confer upon a common pleas court subject-matter jurisdiction over felony cases. *See Harper* at ¶ 23-25 (noting that "[s]ubject-matter jurisdiction refers to the constitutional or statutory power of a court to adjudicate a particular class or type of case"). And a court has jurisdiction over a person appearing before it under a valid indictment. *See Stacy v. Van Coren*, 18 Ohio St.2d 188, 189, 248 N.E.2d 603 (1969); *Page v. Green*, 174 Ohio St. 178, 178-179, 187 N.E.2d 592 (1963).

{¶14} Criswell appeared before the trial court under indictment for felony drug and weapons offenses. The charges were tried to the court, and the trial court acted within its subject-matter jurisdiction in finding Criswell guilty of, and sentencing him for, those offenses. Consequently, any error in imposing postrelease control rendered those parts of his sentences voidable, not void. Therefore, the common pleas court could not have exercised its jurisdiction to correct a void judgment to afford Criswell the relief sought in his "Motion for Summary Judgment and to Set Resentencing Date."

## We Dismiss the Appeal

{¶1} We have no jurisdiction to review the common pleas court's judgment overruling Criswell's "Motion for Summary Judgment and to Set Resentencing Date." Accordingly, we dismiss this appeal.

Appeal dismissed.

**ZAYAS** and **CROUSE, JJ.**, concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.

6